Mark Ian Agee, Attorney at Law
5401 North Central Expressway, Suite 220
Dallas, Texas 75205
(214) 320-0079; (214) 320-2966 fax

ATTORNEY FOR DARREN & MIRIAM LEE AND AMANDA LEE

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| DARREN LEE, MIRIAM LEE & AMANDA LEE | § | Case No. |
| | § | |
| v. | § | 10-2328 |
| | § | |
| PROCOLLECT, INC. | § | |

## COMPLAINT

Darren Lee, Miriam Lee, & Amanda Lee (the "Lees" or the "Plaintiffs") file this complaint and state:

### INTRODUCTION

1. This is an action for actual and statutory damages brought by the Lees against ProCollect for violations of the Fair Debt Collection Practices Act[1] ("FDCPA"); the Telephone Consumer Protection Act[2] ("TCPA"); the Texas Consumer Credit Reporting Reform Act[3] ("TCCRRA"); the Texas Debt Collection Act[4] ("TDCA"). In addition, the Lees seek actual and exemplary damages for the tort of invasion of privacy by intrusion upon seclusion.

### JURISDICTION

2. Jurisdiction of this court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337 and pursuant to 28 U.S.C. § 1367 for pendent state law claims. Declaratory

---

[1] 15 U.S.C. § 1692 et seq.

[2] 47 U.S.C. § 227 et seq.

[3] Tex. Finance Code Chapter 391.

[4] Tex. Finance Code Chapter 392.

relief is available pursuant to 28 U.S.C. §§ 2201 and 2202. Venue in this District is proper in that the Defendant transacts business here and the conduct complained of occurred here.

## PARTIES

3. Darren and Miriam Lee are natural persons residing in Colleyville, Texas. Amanda Lee is a natural person residing in Lehi, Utah.

4. ProCollect is a Texas corporation engaged in the business of collecting debt in this state. The principal purpose of Defendant is the collection of debts in this state and defendant regularly attempts to collect debts alleged to be due another.

5. ProCollect may be served with process at its registered agent for service of process:

> David Goodhart
> 190 S. Collins Rd., Ste. 102
> Sunnyvale, TX 75182 USA

## FACTUAL BACKGROUND

6. In January 2006, for the 2006-2007 school year, Amanda Lee signed a lease to share an apartment at the University Courtyard in Lubbock. Miriam Lee, Amanda's mother, signed a guaranty of that lease. That lease was entirely performed and concluded, and no claim has ever been made with regard to that lease.

7. While Plaintiffs believe it is possible that Amanda signed a non-binding "Lease Application" for the 2007-2008 school year, on information and belief, Amanda Lee never signed an actual lease for the 2007-2008 school year.

8. Miriam Lee never signed any document in any way agreeing to be liable for anything having to do with the 2007-2008 school year.

9.     In Spring 2007, Amanda was accepted to another university. On April 7, 2007 (almost five full months before any 2007-2008 lease possibly could have started), Amanda informed the landlord in writing, by certified mail, that she would not be returning for the 2007-2008 school year. Again, on information and belief, there was no lease for the 2007-2008 school year. There was certainly no guaranty.

10.    It should be noted that Amanda shared the apartment with other students. On information and belief, those students found another student to reside in the apartments during all or part of the 2007-2008 school year. Combined with the five months of notice, even if there was a valid lease, the landlord's damages should have been minimal or non-existent.

11.    Despite the fact that no debt was owed for the 2007-2008 school year, ProCollect engaged in vigorous collection activity, demanding that Amanda and Miriam pay $3,947.50. Beginning in August 2007 letters were sent to both Miriam and Amanda stating that Amanda had "[s]kipped without notice."

12.    For the next three years, there were also many telephone calls, including automated "robo-calls," to Amanda at Miriam and Darren's house. Darren and Miriam Lee had not given ProCollect permission to contact them regarding Amanda's debts.

13.    Amanda also received telephone calls from ProCollect to her cell phone, for which a charge was incurred. Amanda Lee did not give ProCollect permission to contact her cell phone.

14.    At various times, Miriam made it clear to ProCollect that she never signed a guaranty and did not owe a debt.

15. In August 2007, the Lees mailed a letter to the landlord. That letter directed that all communications regarding the matter be made through a designated attorney. Nonetheless, communications to the Lees continued.

16. Collection efforts included furnishing credit report agencies with information that a debt was due. Those reports continued, or at least were not corrected, even after ProCollect knew that it was unable to verify the debts.

17. In the summer of 2010, the Lees sought to obtain credit to pay for the expenses associated with their daughter's wedding. They were denied.

18. During 2010, Amanda Lee applied to obtain a credit card. She was approved, but only for a card with a $700 limit. That is less than she was approved while she was a student in High School, before ProCollect made negative credit reports.

19. In August 2010, Miriam Lee and Amanda Lee each formally requested that ProCollect provide written verification of the alleged debt. The verification provided by ProCollect was, at best, irrelevant and at worst, an attempted forgery. To support the alleged debt for the 2007-2008 school year, ProCollect provided a "Lease Application" for the 2006-2007 school year and attached to that Miriam Lee's guaranty of the 2006-2007 lease.

20. Obviously, these documents in no way supported the debt, and at least by this point, ProCollect could not reasonably have believed that they did. Nonetheless, collection efforts continued and credit reports were not corrected.

## FIRST CLAIM FOR RELIEF - FDCPA

21. ProCollect violated the Fair Debt Collection Practices Act[5]. Violations included, but are not limited to:

---

[5] 15 U.S.C. § 1692 et seq.

a. The Defendant violated 15 U.S.C. 1692f(1) by contacting the Lees and representing that a debt was owed, when it was not.

b. The Defendant violated 15 U.S.C. 1692e(2) by contacting the Lees and representing that a debt was owed, when it was not, and by representing that the "Lease Application" and guaranty for the 2006-2007 school year established a debt for the 2007-2008 school year.

c. The Defendant violated 15 U.S.C. 1692e(10) by contacting the Lees and by representing that the "Lease Application" and guaranty for the 2006-2007 school year established a debt for the 2007-2008 school year.

d. The Defendants violated 15 U.S.C. § 1692c(a)(2) and (c) by contacting the Miriam Lee after the Lees had requested that all communications be directed to an attorney.

## S<span style="font-variant:small-caps">econd</span> C<span style="font-variant:small-caps">laim for</span> R<span style="font-variant:small-caps">elief</span> - TDCA

22. ProCollect violated the Texas Debt Collection Act. Violations included, but are not limited to:

a. The Defendant violated § 392.304(a)(7) by contacting the Lees and representing that a debt was owed, when it was not, and by representing that the "Lease Application" and guaranty for the 2006-2007 school year established a debt for the 2007-2008 school year.

b. The Defendant violated § 392.304(a)(19) by contacting the Lees and representing that a debt was owed, when it was not, and by representing that the "Lease Application" and guaranty for the 2006-2007 school year established a debt for the 2007-2008 school year.

### THIRD CLAIM FOR RELIEF - TCCRRA

23.     ProCollect violated the Texas Consumer Credit Reporting Reform Act. Violations include, but are not limited to:

- a.     The Defendant violated § 391.002(a) by knowingly providing and/or failing to correct false information about the Lee's creditworthiness, credit standing, or credit capacity to a credit reporting bureau.

### FOURTH CLAIM FOR RELIEF - TCPA

24.     ProCollect violated the Telephone Consumer Protection Act.  Its violations included, but are not limited to:

- a.     The Defendant violated § 227(b)(1)(B) by initiating automated telephone calls to Darren and Miriam Lee's residential telephone regarding Amanda Lee without the Lee's permission.

- b.     The Defendant violated § 227(b)(1)(iii) by initiating telephone calls to Amanda Lee on her cell phone without her permission.

### FIFTH CAUSE OF ACTION - INTRUSION ON SECLUSION

25.     ProCollect intentionally interfered with the solitude, seclusion and/or private concerns or affairs of the Lees.

26.     The Lees had a reasonable expectation of privacy in solitude, seclusion, and private concerns or affairs.

27.     These intrusions and invasions by ProCollect occurred in a way that would be highly offensive to a reasonable person in that position.

28.     The Lees suffered actual damages.

29. The damages suffered by the Lees was the result of ProCollect's malice and/or gross negligence which entitles the Lees to exemplary damages pursuant to Texas Civil Practices and Remedies Code § 41.003.

THEREFORE, the Lees request that judgment be entered against ProCollect for:

i. for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

ii. for an award of statutory damages of $1,000.00, and such other amount as the Court may allow, pursuant to 15 U.S.C. §1692k(a)(2)(A);

iii. for an award of costs of litigation and reasonable attorney's fees;

iv. for actual damages pursuant to Texas Finance Code § 392.403(a)(2);

v. for "not less" than $100 per violation pursuant to Texas Finance Code § 392.403(e);

vi. for an award of reasonable attorney's fee and costs pursuant to Texas Finance Code § 392.403(b);

vii. damages for violation of Texas Finance Code § 391.002;

viii. for an award of $500 per violation pursuant to 47 U.S.C. § 392.304(b)(3)(B) and, at the Court's discretion, and award of three times that sum.

ix. award of exemplary damages pursuant to Texas Finance Code § 392.403(a)(2); and

x. such other relief as the Court may deem appropriate.

MARK IAN AGEE, Attorney at Law

By:   /s/ Mark I. Agee

  Mark I. Agee, # 00931900

5401 N. Central Expressway, Suite 220
Dallas, Texas 75205
(214) 320-0079; (214) 320-2966 (fax)
DallasBankruptcyLawyer@gmail.com
www.DallasBankruptcyLawyer.com

A<span/>TTORNEY FOR THE L<span/>EES